FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA
04 SEP -1 P 4: 45
SIGN
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BART EAST AND MELISSA EAST** | NO: 04-620 |
| **VS.** | DIVISION: C |
| **DOW CHEMICAL COMPANY** | MAGISTRATE: 2 |

### NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes defendant, **THE DOW CHEMICAL COMPANY ("Dow"),** which pursuant to 28 U.S.C §§ 1441 and 1446, respectfully files this Notice of Removal. In support of this removal, Dow asserts the following:

1.

On or about July 26, 2004, plaintiffs filed this suit in the 18th Judicial District Court, Parish of Iberville, State of Louisiana, now pending therein bearing suit number 61,262, Division "C".

2.

This Notice of Removal is being filed within thirty (30) days after the receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the state court action or proceeding is based. Dow was served on or about August 3, 2004.

3.

This suit is being removed less than one year after commencement of this action in state court.



INITIALS | DOCKET#
nt | 1



4.

Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Middle District of Louisiana is the district and division within which the above described state court suit is pending.

5.

This court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because this action is between citizens of different states and the amount in controversy exceeds SEVENTY FIVE THOUSAND DOLLARS ($75,000), exclusive of costs and interests.

6.

Plaintiffs, upon information and belief through information contained in the petition, are domiciliaries and therefore citizens of the States of Louisiana. The Dow Chemical Company is a foreign corporation with its principal place of business in a state other than Louisiana.

7.

No defendant, properly joined and served, is a citizen of the State of Louisiana. No non-diverse parties have been named or served.

8.

Remover reasonably believes and avers that the amount in controversy in the above entitled action, exclusive of interest and costs, will exceed the jurisdictional amount of SEVENTY FIVE THOUSAND DOLLARS ($75,000) set forth in 28 U.S.C. § 1332 and incorporated in 28 U.S.C. § 1441(a) which allows removal of state court suits to state court. Specifically, the state court petition seeks damages for alleged exposure to chemicals that allegedly caused headaches, chest pain, abdominal pain, difficult breathing, pain to his eyes,

damage to his nervous system, and damage to James Martin's lungs.

9.

Plaintiff, Bart East, itemizes the damages suffered by him and proximately caused by the alleged accident complained of in the petition, as follows:

a. Medical expenses, past, present and future;

b. Physical pain and suffering, past, present and future;

c. Permanent physical and mental injuries and disability;

d. Mental and emotional anguish, and distress, past, present and future;

e. Lost wages, past, present and future;

f. Loss of earning capacity, past, present and future;

g. Loss of enjoyment of life;

h. Loss of and/or diminished earning capacity; and

i. All other elements of damages allowed by Louisiana law.

10.

Melissa East has allegedly suffered a loss of consortium.

11.

A copy of the state court's suit and citation is attached to this Notice of Removal as Exhibit "A". Defendant has not filed an answer or other pleadings in response to Plaintiffs' petition in the state court proceeding, and no other pleadings have been filed or served upon the defendant to date, exclusive of discovery documents.

Baton Rouge, Louisiana, this 1st day of September, 2004.

**By Attorneys,**

**THE DOW CHEMICAL COMPANY**
Karen E. Dugas, #17548
Post Office Box 150
Building 2306
Highway One North
Plaquemine, Louisiana 70765

MARIONNEAUX AND MARIONNEAUX
F. Barry Marionneaux
23615 Railroad Avenue
Plaquemine, LA 70764

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.

By _____
Gregory E. Bodin, No. 18802
Phillip E. Foco, T.A., No. 25670
8th Floor Bank One Centre
451 Florida Street (70801)
Post Office Box 2471
Baton Rouge, LA 70821
Telephone: (225) 387-3221
***Attorneys for The Dow Chemical Company***

- CERTIFICATE -

I certify that a copy of the foregoing will be this day mailed, postage prepaid, to John P. Wolff, III and Chad A. Sullivan, Keogh, Cox & Wilson, Ltd., 701 Main Street, Post Office Box 1151, Baton Rouge, Louisiana 70821.

Baton Rouge, Louisiana, this ___1st___ day of September, 2004.

_____
Gregory E. Bodin

CT System

**Service of Process Transmittal Form**
Baton Rouge, Louisiana

08/03/2004

Via Federal Express (2nd Day)

TO: Kathy Spica
The Dow Chemical Company
2030 Dow Center
Midland, MI 48674-2030
EMAIL: KMSPICA@DOW.COM



EXHIBIT A

RE: **PROCESS SERVED IN LOUISIANA**

FOR: The Dow Chemical Company Domestic State: De

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | Bart East vs Dow Chemical Company |
| 2. DOCUMENT(S) SERVED: | Citation and Petition, Interrogatorie, Request for Production |
| 3. COURT: | 18th Judicial District Court Iberville Parish<br>Case Number 0000061262 |
| 4. NATURE OF ACTION: | Petition seeking damages for personal injuries from chemicals, etc. |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, Baton Rouge, Louisiana |
| 6. DATE AND HOUR OF SERVICE: | By Process server on 08/03/2004 at 09:00 |
| 7. APPEARANCE OR ANSWER DUE: | Within fifteen days |
| 8. ATTORNEY(S): | John P Wolff III<br>701 Main St.<br>Baton Rouge, La 70821 |
| 9. REMARKS: | Name discrepancy noted. |

SIGNED: CT Corporation System
PER: Mary A. Belton /JF
ADDRESS: 8550 United Plaza Boulevard
Baton Rouge, LA 70809
SOP WS 0008500541

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

13

Form: 0020             CITATION

| | |
|---|---|
| EAST, BART | No: 00000061262    Div: C |
| VERSUS | 18th Judicial District Court |
| | State of Louisiana |
| DOW CHEMICAL COMPANY | Parish of Iberville |

The State of Louisiana and said Court to

THE DOW CHEMICAL COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:
CT CORPORATON SYSTEM, 8550 UNITED PLAZA BLVD.
BATON ROUGE, LA. 70809

You are hereby summoned either to comply with the demand contained in the petition of the said BART EAST **AND INTERROGATORIES** _____ a copy of which accompanies the citation, or deliver your answer to the said petition in the office of the Clerk of said Court, held at the Court House at Plaquemine, in said Parish, within 15 days after the service hereof, under penalty of default.

Witness the Honorable Judges, of said Court, this _27_ day of __JULY__ A.D. 20_04_.

/s/ Dorothy M. Young

_____
Deputy Clerk

--------------------------------------------------------------

### SERVICE INFORMATION

Received on the _____ day of _____, _____ and on the _____ day of _____, _____ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of sixteen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.

RETURNED:

PARISH OF _____ this _____ day of _____, _____.

SERVICE $_____           By: _____
MILEAGE $_____                           Deputy Sheriff
TOTAL $_____

[ Original Copy]

| | |
|---|---|
| BART EAST and<br>MELISSA EAST | * NUMBER 61262 DIVISION C<br>*<br>* 18TH JUDICIAL DISTRICT COURT |
| VERSUS. | *<br>* PARISH OF IBERVILLE<br>* |
| DOW CHEMICAL COMPANY | * STATE OF LOUISIANA |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes BART EAST and MELISSA EAST, who, respectfully represent:

1.

Made defendants herein are the following:

1. **THE DOW CHEMICAL COMPANY**, a foreign corporation, authorized to do, and doing business, in the State of Louisiana, Parish of Iberville.

2.

Defendant, Dow Chemical Company is liable, justly and truly indebted unto Plaintiffs for the entirety of their damages, with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings, including expert witness fees, for the following reasons:

3.

On or about August 7, 2003, BART EAST, an employee of Volk's Constructors, a division of AKM, LLC, was working as a pipefitter on the DOW CHEMICAL COMPANY yard, LHC III, located at 21255 Highway One, Plaquemine, Louisiana, in the Parish of Iberville.

4.

At or around 7:42 a.m. on August 7, 2003, there was a release of the chemical DOWTHERM A into the air, causing exposure to the person of BART EAST.

5.

The release of the chemical DOWTHERM A was a result of the negligence and/or fault of Dow Chemical Company and/or the negligence and/or fault of its agents, employees, servants or others for whom it is legally responsible. As a result of Dow's negligence and/or

fault, and/or the negligence and/or fault of its agents, employees, servants or others for whom it is legally responsible, a pressure safety valve on one of its units lifted, causing the subject chemical release.

6.

BART EAST continued to be exposed to DOWTHERM A for a period of time because of the failure of Dow and/or its agents, employees, servants or others for whom it is legally responsible, to take appropriate evacuation measures.

7.

Dow Chemical Company, and/or its agents, employees, servants or others for whom it is legally responsible, as the owners and/or custodians of the land upon which this release occurred, including the facilities, equipment, and/or structures subject to the release, knew or should have known of the following vices and/or defects, and is negligent and/or at fault in the following non-exclusive particulars:

a) Failure to properly monitor the pressure in the unit from which the DOWTHERM A was released;
b) Failure to properly monitor the overall material balance in the unit from which the DOWTHERM A was released;
c) Failure to ensure proper maintenance for the equipment that is the subject of the chemical release that occurred on August 7, 2003;
d) Failure to properly install the equipment and its component parts on the unit subject to the DOWTHERM A release;
e) Failure to properly design, fabricate, and/or manufacture the equipment subject to the chemical release on August 7, 2003;
f) Failure to provide the proper safety inspections;
g) Failure to provide a safe place in which to work;
h) Failure to comply with OSHA Standards and Guidelines;
i) Negligent hiring of contractors, subcontractors, workers, and the like, including but not limited to those who were retained to ensure the proper operation of the unit that is the subject of the chemical release;
j) All other vices and/or defects and negligent acts or omissions which may be proven at the trial of this matter.

8.

If it is found that DOW is entitled to immunity from tort liability, it is alleged in the alternative, that DOW and/or its agents, employees, servants or others for whom it is legally responsible, are liable to plaintiff for the following reasons:

a) Intentionally failing to properly monitor the pressure in the unit from which the DOWTHERM A was released;
b) Intentionally failing to properly monitor the overall material balance in the unit from which the DOWTHERM A was released;
c) Intentionally failing to ensure proper maintenance for the equipment that is the subject of the chemical release that occurred on August 7, 2003;
d) Intentionally failing to properly install the equipment and its component parts on the unit subject to the DOWTHERM A release;
e) Intentionally failing to properly design, fabricate, and/or manufacture the equipment subject to the chemical release on August 7, 2003;
f) Intentionally failing to provide the proper safety inspections;
g) Intentionally failing to provide a safe place in which to work;
h) Intentionally failing to comply with OSHA Standards and Guidelines;
i) All other intentional acts which may be proven at the trial of this matter.

9.

Plaintiff, BART EAST, was without fault and/or negligence in causing the release of the DOWTHERM A.

10.

BART EAST's damages could have been prevented by the exercise of reasonable care by the defendant and the defendant failed to exercise such reasonable care.

11.

As a result of the exposure to DOWTHERM A, BART EAST has experienced, and continues to experience physical and mental pain and suffering, including but not limited to headaches, chest pain, abdominal pain, difficulty breathing, pain to his eyes, damage to his nervous system, and damage to his lungs. The extent of the severity of these injuries is unknown at this time.

12.

Plaintiff, BART EAST, itemizes the damages suffered by him and proximately caused by the accident complained of herein, as follows:

a) Medical expenses, past, present and future;
b) Physical pain and suffering, past, present and future;
c) Permanent physical and mental injuries and disability;
d) Mental and emotional anguish, and distress, past, present and future;
e) Lost wages, past, present and future;
f) Loss of earning capacity, past, present and future;

g) Loss of enjoyment of life;

h) Loss of and/or diminished earning capacity; and

i) All other elements of damages allowed by Louisiana law.

13.

At all times pertinent to this litigation, MELISSA EAST was married to and living with BART EAST and as a result of this accident suffered loss of consortium and is entitled to recover damages herein.

14.

The damages sustained by Plaintiffs are sufficient to entitle Plaintiffs to a trial by jury in accord with Louisiana Code of Civil Procedure article 1732.

WHEREFORE, premises considered, Plaintiffs, BART EAST and MELISSA EAST, respectfully pray that their Petition for Damages be deemed good and sufficient and that after all legal delays and due proceedings are had herein, there be judgment in their favor and against defendant, for all amounts which are reasonable in the premises.

AND FOR ALL GENERAL AND EQUITABLE RELIEF, ETC.

RESPECTFULLY SUBMITTED:

KEOGH, COX & WILSON, LTD.

John P. Wolff, III, Bar #14504
Chad A. Sullivan, Bar #27657
KEOGH, COX & WILSON, LTD.
701 Main Street
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796

PLEASE SERVE PETITION AND ATTACHED DISCOVERY:

THE DOW CHEMICAL COMPANY
*through its registered agent for service of process:* FILED
CT Corporation System
8550 United Plaza Blvd.
Baton Rouge, LA 70809

2004 JUL 26 P 3: 14

/s/ Dorothy M. Young
DY CLERK - EX OFFICIO
IBERVILLE, LOUISIANA

A TRUE COPY
DATE 7/26/2004
/s/ Dorothy M. Young

BART EAST and     *   NUMBER 61,762 DIVISION "C"
MELISSA EAST
                                          *   18TH JUDICIAL DISTRICT COURT
VERSUS
                                          *   PARISH OF IBERVILLE

DOW CHEMICAL COMPANY     *   STATE OF LOUISIANA
*************************************************

## INTERROGATORIES AND
## REQUEST FOR PRODUCTION OF DOCUMENTS

TO:     The Dow Chemical Company
         La. Highway 1
         P. O. Box 150
         Plaquemine, LA 70765-0150

YOU ARE HEREBY NOTIFIED to answer under oath the interrogatories set out below within fifteen (15) days of the time service is made upon you in accordance with Articles 1457, 1458, 1459 and 1428 of the Louisiana Code of Civil Procedure, which interrogatories are intended to be, and should be considered continuing, as follows:

### INSTRUCTIONS FOR USE

A. All information is to be divulged which is in the possession of the individual or corporate party, his attorneys, investigators, agents, employees, or other representatives of the named party and his or their attorney.

B. Where an individual interrogatory calls for an answer which involves more than one part, each part of the answer should be clearly set out so that it is understandable.

C. Where the terms "you", "plaintiff" or "defendant" are used, they are meant to include every individual party and separate answers should be given for each person named as a party to whom these interrogatories are addressed.

D. Where the terms "occurrence" or "incident" are used, they are meant to mean the incident which is the basis of this lawsuit, unless otherwise specified.

E. The term "document" shall mean all original written, recorded or graphic matters whatsoever and all non-identical copies thereof, including, but not limited to,

pleadings, motions, responses to discovery, papers, books, records, letters, photographs, maps, plats, surveys, tangible things, correspondence, communications, telegrams, cables, Telex messages, memoranda, notes, notations, workpapers, transcripts, minutes, reports, and recordings of telephone or other conversations, or of interviews, or of conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, contracts, agreements, jottings, agenda, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, journals, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing, all things similar to any of the foregoing, however, denominated by the parties. In all cases, where originals or non-identical copies are not available, "documents" also means identical copies or original documents and non-identical copies thereof.

F. The terms "identify" and "identification":

(1) When used in reference to an individual, shall mean to provide his full name, present or last known residence, home telephone number, business affiliation, job title, business address and business telephone number;

(2) When used in reference to a corporation, shall mean to provide its full name, its state of incorporation, and its principal place of business;

(3) When used in reference to a person other than an individual or corporation, shall mean to provide its official name, its organizational form and its address;

(4) When used in reference to a document, shall mean to name the type of document, date, its present location, the name and address of its custodian. In lieu of identifying any document, copies thereof may be furnished.

(5) When used in reference to any act, occurrence, occasion, operation, activity, meeting, transaction, or conduct, shall mean to set forth the event or events constituting such act, its location, the date and persons

participating, present or involved, and the documents relating or referring in any way thereto; when used in reference to any discussion, shall mean in addition to the foregoing, to set forth the substance of the discussion.

### INTERROGATORY NO. 1

Please identify the chemical(s) released on August 7, 2003, from the Dow Chemical Company's plant located in Plaquemine.

### INTERROGATORY NO. 2

Please identify the cause or causes of the chemical release on August 7, 2003 from the Dow Chemical Company plant located in Plaquemine.

### INTERROGATORY NO. 3

Please identify the unit in the Dow Chemical Company plant from which the above identified chemical(s) were released.

### INTERROGATORY NO. 4

Please identify in accordance with the definitions set forth herein above, each and every expert witness whom you will or may call to testify at the trial of this matter or who you have consulted.

### INTERROGATORY NO. 5

Please state the full name and last known address, giving the street, street number, city and state or information for the location of every person known to, or reasonably believed by you, other than an eyewitness, who have or purport to have knowledge or information of any facts pertaining to this controversy; if so, please advise if any statement was taken and by whom.

### INTERROGATORY NO. 6

Please identify any and all contractors, subcontractors, or the like, working in The Dow Chemical Company yard, specifically, but not limited to, the Poly C unit, in the months of June, July and August 2003.

## INTERROGATORY NO. 7

Please identify in accordance with the definitions set forth herein above, each and every person who is or claims to have been an eyewitness to the chemical release subject to this litigation that occurred on August 7, 2003.

## INTERROGATORY NO. 8

Please identify each and every claim and/or lawsuit that has been filed against you as a result of the chemical release of August 7, 2003. For any lawsuits identified, please state the parties involved in the suit, the style and caption of the suit, including the venue, the names and addresses of all attorneys of record and the ultimate disposition of said lawsuit.

## INTERROGATORY NO. 9

Please identify the company, entity, persons, or the like, who you contend are responsible for the chemical release that occurred on August 7, 2003 at The Dow Chemical Company plant in Plaquemine.

## INTERROGATORY NO. 10

Please advise if an investigation was conducted relating to the chemical release of August 7, 2003. If so, please provide the details of the investigation, including but not limited to the person or persons involved, and the conclusion(s) reached as a result of the investigation.

## INTERROGATORY NO. 11.

Please identify the company, entity, persons, and the like, who supplied services or materials to the equipment/unit subject to the chemical release.

## INTERROGATORY NO. 12.

Please identify the company, entity, persons, and the like who participated in or were otherwise involved with the design, fabrication, manufacture of the equipment/unit subject to the chemical release on August 7, 2003.

## REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1

Please produce copies of any statements which you may have taken in connection with the incident in question.

## REQUEST NO. 2

Please produce each and every photograph, document, exhibit or other item of tangible evidence which you will or may attempt to introduce at trial on the merits.

## REQUEST NO. 3

Please produce any and all contracts and/or agreements between The Dow Chemical Company and Volk's Constructors, a division of AKM, LLC.

## REQUEST NO. 4

Please produce any and all contracts and/or agreements between The Dow Chemical Company and any and all contractors, subcontractors, or the like, working in The Dow Chemical Company yard, specifically, but not limited to the Poly C unit, in the months of June, July and August 2003.

## REQUEST NO. 5

Please produce a map and/or schematic drawing of The Dow Chemical Company plant located in Plaquemine.

## REQUEST NO. 6

Please produce each and every flow diagram indicating flow in and out of the subject unit and overall material balance for the subject portion of the plant from which the chemicals on August 7, 2003 were released.

## REQUEST NO. 7

Please produce each and every process flow diagram and material balance for the subject system from which the chemicals on August 7, 2003 were released.

## REQUEST NO. 8

Please produce copies of the operator logs for the 24 hours proceeding the chemical release subject to August 7, 2003.

## REQUEST NO. 9

Please produce copies of the ESD system strip for the 24 hours preceding the chemical release and the 24 hours thereafter.

## REQUEST NO. 10.

Please produce any and all documents generated during the investigation process, or reflecting the investigation, of the subject chemical release.

## REQUEST NO. 11.

Please produce the following documents:

A) Any and all maintenance records for the equipment that is subject to the release that occurred on August 7, 2003;

B) Documentation of the installation, set up, and start up of the equipment, and components thereof, subject to the chemical release on August 7, 2003;

C) Documents or other writings which reflect or evidence the identity of and the services or materials provided by each person, who participated in or was otherwise involved with the design, fabrication, manufacture of the equipment subject to the chemical release on August 7, 2003;

D) Documents reflecting the number of persons injured by the chemical release, and the identity of the persons injured;

E) Documentation reflecting reports and/or complaints lodged by persons exposed to the chemical(s) released on August 7, 2003;

F) Documentation reflecting any reports given or made to OSHA, NIOSH, MSHA, and /or DEQ;

G) Documentation reflecting any information provided to OSHA, NIOSH, MSHA and/or DEQ as a result of an inquiry from any of these agencies concerning the chemical release on August 7, 2003.

H) Any documentation reflecting and/or describing the chemical(s) released on August 7, 2003;

I) Any and all correspondences between Dow and OSHA, MSHA, NIOSH and/or DEQ regarding the chemical release of August 7, 2003;

J) Any and all correspondences between Dow and any contractors, subcontractors, or workers present in the Dow Chemical plant during the months of June, July and August 2003;

K) Documents reflecting conclusions regarding the cause of the chemical release on August 7, 2003, including the identify of persons, companies, or entities responsible for the chemical release on August 7, 2003.

It is requested that compliance with the above requests take place at the offices of Keogh, Cox & Wilson, Ltd., 701 Main Street, Baton Rouge, Louisiana, within fifteen (15) days of receipt. Compliance may, however, be satisfied by mailing copies of same to John

P. Wolff, III, and Chad A. Sullivan, Post Office Box 1151, Baton Rouge, Louisiana 70821.

RESPECTFULLY SUBMITTED,

BY: _____
John P. Wolff, III, Bar #14504
Chad A. Sullivan, Bar #27657
KEOGH, COX & WILSON, LTD.
701 Main Street
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been mailed this date, postage prepaid, to all counsel of record.

Baton Rouge, Louisiana, this 23 day of August 2004.

_____
JOHN P. WOLFF, III
CHAD A. SULLIVAN

PLEASE SERVE WITH ATTACHED PETITION:

THE DOW CHEMICAL COMPANY
*through its registered agent for service of process:*
CT Corporation System
8550 United Plaza Blvd.
Baton Rouge, LA 70809

A TRUE COPY
DATE 7/26/2004
Deputy /s/ Dorothy M. Young, Iberville Parish, Louisiana

FILED

2004 JUL 26 P 3: 14
/s/ Dorothy M. Young

DY CLERK - EX OFFICIAL
IBERVILLE, LOUISIANA

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**BART EAST AND MELISSA EAST**        NO: _____

**VS.**                                DIVISION: _____

**DOW CHEMICAL COMPANY**               MAGISTRATE: _____

## NOTICE OF REMOVAL TO ADVERSE PARTIES

TO: Bart East and Melissa East
through their attorney:
John P. Wolff, III and
Chad A. Sullivan
701 Main Street
Post Office Box 1151
Baton Rouge, Louisiana 70821

**PLEASE TAKE NOTICE** that **The Dow Chemical Company**, defendant, in the above cause entitled and captioned action bearing number 61,262, Division "C" on the docket of the 18th Judicial District Court for the Parish of Iberville, State of Louisiana, has filed in the United States District Court for the Middle District of Louisiana, its Notice of Removal of said action, a copy of said notice being served and filed herewith in conformity with 28 U.S.C. § 1446(d) and hereby invokes the automatic stay provisions provided by law.

Baton Rouge, Louisiana, this ____ day of September, 2004.

By Attorneys,

**THE DOW CHEMICAL COMPANY**
Karen E. Dugas, #17548
Post Office Box 150
Building 2306
Highway One North
Plaquemine, Louisiana 70765

- 1 -

MARIONNEAUX AND MARIONNEAUX
F. Barry Marionneaux
23615 Railroad Avenue
Plaquemine, LA 70764

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.

By_____
Gregory E. Bodin, No. 18802
Phillip E. Foco, T.A., No. 25670
8th Floor Bank One Centre
451 Florida Street (70801)
Post Office Box 2471
Baton Rouge, LA 70821
Telephone: (225) 387-3221
***Attorneys for The Dow Chemical Company***

- CERTIFICATE -

I certify that a copy of the foregoing will be this day mailed, postage prepaid, to John P. Wolff, III and Chad A. Sullivan, Keogh, Cox & Wilson, Ltd., 701 Main Street, Post Office Box 1151, Baton Rouge, Louisiana 70821.

Baton Rouge, Louisiana, this ____ day of September, 2004.

_____
Gregory E. Bodin